■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM ANTHONY, Appellant.— On the court's own motion, defendant's appeal, taken by a notice dated December 27, 1962 (and filed Dec. 31, 1962) from "the denial of a writ of coram nobis" rendered December 7, 1962, is dismissed. It appears from the record that there is no order dated December 7, 1962 denying a writ of *coram nobis*. There is an order of that date, but that order is one denying defendant's motion to be furnished with free copies of certain documents. Such an order is not appealable. Ughetta, Acting P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.

## (April 20, 1964)

■ ROY METS, Respondent, v. GEORGE BECKER, Respondent. (Action No. 1.) GEORGE F. BECKER, Appellant, v. ROY METS, Respondent. (Action No. 2; and Another Action.) — Motion by appellant in Action No. 2 to transfer appeal from an order of the Supreme Court, Suffolk County (consolidating three actions for trial) to the Appellate Term of the Supreme Court. Motion denied. The appeal is properly before this court (see CPLR 5701; Rules, App. Term, 2d Dept., preamble). Beldock, P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.

■ RUDOLPH P. RUSSO, Appellant, v. MID-HUDSON OIL CO., INC., et al., Respondents, et al., Defendant.— Motion by respondent Mid-Hudson Oil Co., Inc., to dismiss appeal from an order of the County Court, Dutchess County, entered December 16, 1963, affirming an order of the Justice Court of the Town of La Grange, Dutchess County, New York. On the court's own motion, the motion and the appeal are transferred to the Appellate Term of the Supreme Court, Second Judicial Department. The appeal was erroneously taken to this court. The Appellate Term of the Supreme Court is presently vested with the jurisdiction of such appeals from the County Court (see N. Y. Const., art. VI, § 5, subd. [b]; § 8, subd. [d]; order of this court, No. 47, dated July 12, 1962). Beldock, P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.

## FOURTH DEPARTMENT

### (May 16, 1963)

■ In the Matter of the Intermediate Accounting of JAMES W. BASSETTE, as Administrator of the Estate of LESLIE A. CRONK, Deceased.— Motion granted and appeal dismissed. Memorandum: On January 10, 1963 we made an order dismissing this appeal unless records and appellant's briefs were filed and served on or before March 15, 1963. Subsequently we granted appellant's application to present the appeal upon one typewritten copy of the record. The papers before us show that appellant and his counsel have made no real effort to comply with our order of last January. While the appeal was taken in August, 1962 it was not until shortly before March 15, 1963 — a few days before the deadline for filing record and briefs — that appellant first took steps in Surrogate's Court to settle the record. We recognize that there may have been difficulties in completing such record but appellant and his attorney have failed to show any sustained effort to comply with the prior order of this court. To the contrary they have shown an almost insolent disregard thereof.